ELIZABETH F. SAMMON, Appellant, *v.* VITO DELUCIAS and Eleven Others, Respondents.

Supreme Court, Appellate Term, First Department, April 29, 1924.

**Landlord and tenant — action by landlord under rent laws to recover increased rent — plaintiff filed statutory bill of particulars — proof of payment of expenditures included in bill by evidence of person who made payments and by vouchers in support thereof — evidence of reasonable value of work done and material furnished not required in absence of objection by tenants.**

In an action by a landlord to recover an increase in rent for which a bill of particulars has been filed as required by the rent laws, proof of payment of expenditures included in the bill of particulars may be made by evidence of the person who made payments and by vouchers in support thereof.

In order to expedite the trial in this class of cases landlords are ordinarily not required to introduce evidence of the reasonable value of work done and material furnished, included in the bill of particulars, in the absence of special objection by the tenants.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, third district, dismissing complaint.

*Samuel Ecker,* for the appellant.

No appearance for the respondents.

*Per Curiam.* In these actions to recover an increase in the rentals paid by plaintiff's tenants, who were not represented by an attorney on the trial, the plaintiff filed the statutory bill of particulars and vouchers in support thereof and introduced evidence that all of the payments set forth in the bill were paid and that all of the work for which the payments purported to have been made was done before payment. The vouchers were received in evidence.

After the trial judge in behalf of the tenants submitted the landlord's witness to cross-examination in reference to certain items in the bill of particulars plaintiff rested, and one of the defendants was called as a witness. To the question whether any repairs were made to the witness' apartment since he moved in there plaintiff's counsel objected on the ground that the question was immaterial, irrelevant and incompetent, and as not coming within the period of one year prior to the month's rent sought to be recovered at the increased rate in the action. The trial judge thereupon, over plaintiff's exception, stated that " all the bills on file marked in evidence are stricken from the record as not the best evidence that could be produced   *   *   *   none of these tenants are represented by attorneys, there is no competent evi-

dence here of any of the expenses, and that is all stricken from the record, all the vouchers stricken from the record as not the best evidence," and then dismissed the complaint.

The plaintiff had followed the prevailing practice in these so-called " rent law " cases of filing and serving the statutory bill of particulars and proving payment of the expenditures included in the bill not only by the evidence of the person who made the payments but by vouchers in support thereof. The evidence, therefore, was competent, and much of it was also primary evidence. It is true that in so far as payments were made for work done and material furnished there was no evidence of the reasonableness of the charges, but the trial court seems to have made no objection on that score, and in order to expedite the trial of this class of cases landlords are ordinarily not required to introduce evidence of the reasonable value of work done and material furnished, included in such bill of particulars, for which expenditures are specified in the bill, in the absence of special objection by the tenants.

Judgment reversed and a new trial ordered, with ten dollars costs to appellant as of one appeal to abide the event.

All concur; present, GUY, WAGNER and WASSERVOGEL, JJ.

Judgment reversed.